Karl ELLIOTT, Appellant,

v.

W. O. HALL, Appellee.

No. 3732.

Court of Civil Appeals of Texas.

Waco.

June 2, 1960.

Rehearing Denied July 29, 1960.

Beard, Kultgen & Beard, Waco, for appellant.

Keith, Mehaffy, McNicholas & Weber, Beaumont, Bill A. Martin, Newton, for appellee.

McDONALD, Chief Justice.

This is a venue case. Plaintiff Hall sued Karl Elliott, (a resident of Smith County), in Chambers County, for personal injuries sustained by him on 11 January, 1957 in Chambers County. At the time of the accident, plaintiff Hall was an employee of C. T. Boles, general contractor, on a bridge project in Chambers County. While performing his work for Boles, plaintiff was struck by a bridge timber which had fallen from a crane owned by defendant Elliott and being operated by one Pittman.

Boles carried Workmen's Compensation which paid plaintiff Hall benefits in the sum of $2,475. Plaintiff Hall then filed this suit as a *third party action* against defendant Elliott. Hartford Accident & Indemnity Company (which paid the $2,475) intervened to recover the sum paid plaintiff Hall under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq.

Defendant Elliott filed plea of privilege to be sued in the county of his residence. Plaintiff Hall controverted such plea. After hearing, the Trial Court, without a jury, overruled defendant Elliott's plea of privilege.

Defendant Elliott appeals, contending that the Trial Court erred in overruling his plea of privilege because:

1) Plaintiff Hall failed to prove the venue facts specified in exception 9a, Art. 1995 Vernon's Ann.Civ.St.; and because

2) The alleged negligence was not "actionable negligence" as against Elliott, since Elliott was an agent of Hall's employer.

We revert to defendant's first contention, that plaintiff failed to prove the venue facts required by Exception 9a, Art. 1995 Vernon's Ann.Civ.St. Such venue facts are: 1) Negligence of the defendant, his agent or servants; 2) Occurring in the county; 3) Proximately causing the plaintiff's injuries.

The defendant "Karl Elliott" was actually a partnership composed of C. T. Boles who owned a ¼ interest, and Karl Elliott who owned a ¾ interest and was managing partner. Boles, as general contractor, sublet certain work to "Karl Elliott" to per-

form with its crane. There is evidence that this work was supervised by Boles' foreman. Defendant Elliott contends that since Boles' foreman supervised the work of the "Karl Elliott" crane and operator that the doctrine of "borrowed servant" applies and that defendant is not responsible for the negligent acts of the borrowed servant.

The record before us discloses that plaintiff's pleading alleged and his proof sustains that Karl Elliott was himself personally guilty of negligence in Chambers County (proximately causing plaintiff's injuries) in failing to furnish the proper tongs or hooks for lifting the timber which struck plaintiff, and that such failure was a proximate cause of plaintiff's injuries. The foregoing is separate and apart from the negligence attributable to "Karl Elliott" through its employee Pittman, and of itself is sufficient to sustain the Trial Court's judgment as against contention 1. Moreover, a careful review of the evidence reflecting on the degree of supervision exercised over the Karl Elliott operation by Boles and his foreman, leads us to the conclusion that while there is much evidence that Boles' foreman supervised the work in detail, there is some evidence from which the Trial Court might reasonably conclude that "Karl Elliott" and its employees directed the performance of the details of the work performed.

Defendant's contention 1 is overruled.

Defendant's second contention is that the alleged negligence was not "actionable negligence" as against Elliott because Elliott was an agent of plaintiff's employer Boles.

As noted, Boles was general contractor on the job and employer of plaintiff Hall; and also a ¼ partner in the crane operation known as "Karl Elliott". (Karl Elliott was managing partner with a ¾ interest). Defendant contends that since the Workmen's Compensation Act provides that injured workmen "shall have no right of action against their employer or against any *agent, servant or employé* or said employer, for damages for personal injuries"; and since Boles and Elliott as partners were agents of one another with respect to the business of the partnership, that Elliott was the agent of Boles; and that Elliott's negligence was not actionable.

We cannot agree with the foregoing contention. Boles was a general contractor. Plaintiff Hall was his employee. Boles had Workmen's Compensation covering his employees. Boles as a side line had a ¼ interest in the "Karl Elliott" partnership. The record reflects that the "Karl Elliott" partnership by bid received the subcontract upon which it was working. We do not think that it would be just to deny plaintiff Hall his third party action against "Karl Elliott" partnership, Karl Elliott individually, or Boles, as a member of such partnership, on the ground that Boles had Workmen's Compensation Insurance in his capacity of general contractor. Boles' interest in the "Karl Elliott" partnership was a side line and connected in no manner with his principal operation as general contractor. We think the "Karl Elliott" partnership a separate legal entity in so far as the Workmen's Compensation Act is concerned. We think the Act deprived plaintiff Hall of his common law action against Boles as his employer, but that it did not deprive plaintiff of his third party action against a separate entity such as the "Karl Elliott" partnership, performing sub-contracts by competitive bid. We think this to be true even though the general contractor's employer did have a side line interest in the partnership. If Boles has a side line interest in a partnership, he must have a side line interest in its liabilities as well as its profits. He could not hide behind his Workmen's Compensation Act exemption as an employer to defeat his obligations in side line enterprises. Since Boles cannot do so, his co-partner Elliott likewise cannot be exempted from the third party liability, if any exists, because he is a partner of Boles, who in another capacity completely,

was an employer and a subscriber under the Act.

Defendant's second contention is overruled.

The judgment of the Trial Court is affirmed.

Affirmed.